ALEJO AVALLO HERNANDEZ, SR. V. THE STATE OF TEXAS





COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
  
NO. 2-03-031-CR

   
ALEJO 
AVALLO HERNANDEZ, SR.                                           APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Upon 
his plea of nolo contendere, a jury convicted Appellant Alejo Avallo Hernandez, 
Sr. of aggravated sexual assault of a child and assessed his punishment at 
seventy five years’ confinement in the Institutional Division of the Texas 
Department of Criminal Justice. The trial court sentenced him accordingly. 
Appellant brings a single point on appeal, arguing that the trial court abused 
its discretion by failing to grant his motion to suppress his statement made to 
a police officer after he had invoked his right to counsel. Because we hold that 
the trial court did not abuse its discretion, we affirm the trial court’s 
judgment.
        Appellant 
was arrested after the police received a complaint that he had threatened and 
attempted to bribe his nine-year-old grandson into engaging in oral sex. The 
child’s father found Appellant in the child’s bedroom, bent over the bed and 
holding his own genitals. When the child’s mother asked him what had happened, 
the child said that Appellant had attempted to bribe him to suck his penis. When 
he refused, Appellant threatened to slap him if he did not suck Appellant’s 
penis.
        At 
trial, Appellant entered a plea of no contest to aggravated sexual assault of a 
child and stipulated to specific evidence of guilt, the admissibility of which 
is not before us. After the jury found Appellant guilty, the trial on punishment 
began. The trial court denied Appellant’s motion to suppress an oral custodial 
statement that he had made to the police after invoking his right to counsel, 
and the statement was admitted.
        Appellant 
contends that his statement is inadmissible because it was elicited during 
custodial interrogation after he invoked his right to counsel. Appellant relies 
on the “bright line” Edwards rule that once the right to counsel is 
invoked, interrogation must cease and cannot be reinstated by the police.[2] He also cites Dickerson v. United States,[3] in which the United States Supreme Court reaffirmed Miranda[4], rejecting Congress’s revival of the old “totality of 
the circumstances” test.[5]
        There 
is, however, a difference between a voluntary statement and a volunteered 
statement.[6]  A voluntary statement may be a 
statement made in response to interrogation or the functional equivalent of 
interrogation.[7]  The functional equivalent of 
interrogation occurs when the police engage in conduct that they know is likely 
to elicit an incriminating response from the defendant.[8]  
Dickerson concerned a statement that the United States argued was 
voluntary despite the absence of Miranda warnings.[9]
        The 
case before us, however, involves a volunteered statement that was not in 
response to interrogation. After the officer read Appellant his Miranda 
rights and asked if he would voluntarily talk to her, Appellant invoked his 
right to counsel. The officer’s questioning stopped. She then told Appellant 
that he was being charged for putting his penis into his grandson’s mouth and 
got up to leave the room. When she turned to leave, Appellant stated, “He did 
that to me.” The officer immediately told Appellant not to say anything else.
        As 
the State points out, Appellant has attempted to show that the officer’s 
action of informing Appellant of the charges against him was the functional 
equivalent of custodial interrogation. Informing an arrested person of the 
charges against him is part of a police officer’s routine, administrative 
duty.[10] It is not designed to elicit a response; 
therefore it is not the functional equivalent of custodial interrogation.[11]  Consequently, Appellant’s right to have counsel 
present during interrogation had not yet been triggered and could not have yet 
been violated.[12]
        Applying 
the requisite bifurcated standard of review,[13] we 
hold that the record supports the trial court’s denial of Appellant’s motion 
to suppress. We overrule Appellant’s sole point on appeal and affirm the trial 
court’s judgment.
 
 
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE

  
PANEL 
B:   DAUPHINOT, HOLMAN, and McCOY, JJ.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 26, 2004


NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S. Ct. 1880, 1884-85 
(1981).
3. 
530 U.S. 428, 120 S. Ct. 2326 (2000).
4. 
Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966).
5. 
Dickerson, 530 U.S. at 444, 120 S. Ct. at 2336-37.
6. 
Granviel v. State, 723 S.W.2d 141, 146 (Tex. Crim. App. 1986) (citing Miranda, 
384 U.S. at 478, 86 S. Ct. at 1630, and Edwards, 451 U.S. at 485, 101 S. 
Ct. at 1885), cert. denied, 484 U.S. 872 (1987).
7. 
Rhode Island v. Innis, 446 U.S. 291, 300-01, 100 S. Ct. 1682, 1689 
(1980); McCrory v. State, 643 S.W.2d 725, 734 (Tex. Crim. App. 1982).
8. 
Innis, 446 U.S. at 300-01, 100 S. Ct. at 1689-90; McCrory, 643 
S.W.2d at 734.
9. 
United States v. Dickerson, 166 F.3d 667, 675 (4th Cir. 1999), 
rev’d, 530 U.S. 428, 120 S. Ct. 2326 (2000).
10. 
See Pennsylvania v. Muniz, 496 U.S. 582, 601-02, 110 S. Ct. 2638, 2650 
(holding that questions reasonably related to the police officer’s 
administrative concerns do not fall under Miranda).
11. 
See id.
12. 
See Edwards, 451 U.S. at 486, 101 S. Ct. at 1885.
13. 
See Guzman v. State, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997).